UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN STEVENSON | Civil Case No. 21-579 |
| VERSUS | Judge ____________________ |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON EMPLOYEE BENEFITS PLAN and LINCOLN LIFE ASSURANCE COMPANY OF BOSTON | Magistrate ________________ |

ORIGINAL COMPLAINT

NOW COMES THE PLAINTIFF, KAREN STEVENSON, and for her original complaint against defendant, states and alleges as follows:

## **SUMMARY OF THE ACTION**

1. Congress enacted the Employee Retirement Income Security Act ("ERISA") to provide basic protection for employees with respect to employee benefits plans offered by their employers. *See* 29 U.S.C. Sec. 1001(a). Congress explicitly found that the protections of ERISA were necessary because many employees, despite years of employment, were losing their anticipated benefits because their employers' plans lacked vesting provisions. *Id.*

2. Plaintiff, KAREN STEVENSON is the widow of John Richard Stevenson, who died on or about November 9, 2020 from injuries received in an accident that occurred on or about November 1, 2020 in his yard at the Stevenson residence shared and inhabited by Karen and John Richard Stevenson in Pearl River, Louisiana.
3. At the time of his death, Mr. Stevenson was an employee of Huntington Ingalls Industries, Inc., The ERISA plan at issue is defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON EMPLOYEE BENEFITS PLAN ("THE PLAN"), which is and was sponsored and administered by Huntington Ingalls Industries Inc., which is incorporated in the State of Delaware and has its principal place of business in the State of Virginia.
4. THE PLAN is an employee benefits plan as defined in 29 U.S.C. Sec. 1002(3); is and was managed by defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON (LINCOLN), a foreign insurer, doing substantial business in this judicial district, incorporated in the State of New Hampshire, and having its principal place of business in the State of Pennsylvania; and was formed in connection with a policy of insurance issued by LINCOLN.
5. Decedent John Richard Stevenson, during his lifetime and during his

employment with Huntington Ingalls Industries, Inc., procured certain employee benefits from his employer, including an insurance policy having Accidental Death and Dismemberment ("AD & D") coverage. That policy of insurance was issued by defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON ("LINCOLN").

6. Although Mr. Stevenson died of injuries caused by the accidental fall outside in his yard at home, defendants only paid to the widow Mrs. Stevenson the basic $98,000 death benefit of the LINCOLN policy, but arbitrarily and capriciously failed and refused to pay the additional $98,000 AD & D benefit.

7. "LINCOLN" and "THE PLAN," as used throughout this complaint, are specifically defined to include all successor, predecessor and subsidiary entities to which these allegations pertain.

8. THE PLAN is an employee benefits plan as defined in 29 U.S.C. Sec. 1002(3), that is sponsored and administered by Huntington Ingalls Industries Inc. and managed by defendant LINCOLN.

9. At all relevant times, defendant LINCOLN was engaged in selling insurance in the United States of America, including in the States of Louisiana and Mississippi.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the ERISA claims under 29 U.S.C. Sec. 1132(e)(1) and over all other non-ERISA claims asserted in this action under 28 U.S.C. Sec. 1367. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1332(a)(1) as the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court is a proper venue under 28 U.S.C. Sec. 139(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this judicial district; to wit, the benefits owed under ERISA were due and owing Plaintiff in this judicial district, which is where Plaintiff resides and where her husband resided, then expired. This Court is also a proper venue under 29 U.S.C. Sec. 1332(E)(2) because the breach of the ERISA Plan took place in this judicial district; to wit, defendants failed to honor their obligations under the Plan, and the beneficiaries or participants (Mr. and Mrs. Stevenson) in the Plan resided within this judicial district.

## PARTIES

12. Plaintiff KAREN STEVENSON, a person of the full age of majority, widow of decedent John Richard Stevenson, resides in Pearl River, Louisiana, which is within this judicial district.

13. Defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a foreign corporation, does substantial business in this judicial district through the issuance of insurance policies and management of ERISA plans, such as the one at issue. The principal place of business of LINCOLN is in the State of Pennsylvania.

14. Defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON EMPLOYEE BENEFITS PLAN is the ERISA plan sued upon. It is and was sponsored and administered by Huntington Ingalls Industries Inc., which is incorporated in the State of Delaware and has its principal place of business in the State of Virginia.

## FACTS

15. Decedent John Richard Stevenson was an employee of Huntington Ingalls Industries, Inc.

16. That employer, at its own cost, furnished certain benefits to decedent, such as $98,000 of basic life insurance coverage through defendant, plus an additional $98,000 in AD & D coverage for death resulting

from accident or dismemberment.

17. On or about November 1, 2020, while working in his yard at home, decedent tripped over plastic PVC pipe, fell backwards, and landed forcefully on his buttocks, on the ground.

18. Decedent had previous cardiovascular problems and was under the care of a cardiologist.

19. However, immediately before the occurrence of the aforesaid accident and death, decedent was free from and exhibited no signs of cardiac difficulty, such as shortness of breath, chest pain, weakness, radicular left arm pain or any other cardiac symptoms.

20. After the death of decedent, Koteswara R. Pothineni, MD, a cardiologist with Ochsner Medical Center, opined in writing that:

**"Mr. John Stevenson D.O.B. 02/17/1959 has been under my care since August 2018. His last office visit was on 10/30/2020. At that time he was stable from the cardiac standpoint. On 11/01/2020, Mr. Stevenson had a fall and sudden death. I was involved in his care from the time he arrived in the emergency room. After reviewing records and talking to the ER physicians in my opinion patient had sudden death after he had the fall. In my opinion, he did not have a myocardial infarction or malignant arrhthymias. Although the cause of his sudden death after the fall is not clear, in my opinion, a major adverse cardiac event has not played a role in his sudden death."**

21. The written opinion of Dr. Pothineni was submitted to defendant, who chose to instead view the death of Mr. Stevenson as being from

"natural causes," rather than from sudden death resulting from the fall at home.

22. The plaintiff followed all administrative procedures provided for in the Plan and she has exhausted and completed all of the available administrative procedures and remedies. Nonetheless, defendants persist in its unjustified denial of the AD & D claim of plaintiff.

23. Defendants lacks competent countervailing medical evidence with which to rebut the AD & D claim of plaintiff.

24. The AD & D policy of insurance is a contract of adhesion, drafted exclusively by LINCOLN, and alternatively, THE PLAN, who allowed no opportunity to negotiate or change any terms or conditions.

25. LINCOLN and THE PLAN, in refusing to pay the $98,000 AD & D benefit to plaintiff, have breached the contract of insurance.

26. THE PLAN and its administrator substantially failed to comply with the procedural requirements set forth in Section 503 and any other applicable rules.

## CAUSES OF ACTION

27. The **FIRST CAUSE OF ACTION** is for declaratory relief under ERISA, that:

a) That John Richard Stevenson, at all times pertinent hereto, was an employee of Huntington Ingalls Industries, Inc.;

b) That THE PLAN and LINCOLN furnished AD & D insurance coverage to John Richard Stevenson through a policy of insurance issued by LINCOLN;

c) That LINCOLN, at all times pertinent hereto, is and was the plan manager and administrator;

d) LINCOLN and THE PLAN breached the terms, conditions and coverages of the LINCOLN AD & D insurance policy in refusing to pay the aforementioned $98,000 AD & D benefit to KAREN STEVENSON;

e) KAREN STEVENSON was, at all times pertinent hereto, the lawfully-wedded wife of decedent John Richard Stevenson;

f) On or about November 9, 2020, John Richard Stevenson died from injuries received in an accident that occurred in the yard of his residence in Pearl River, Louisiana on or about November 1, 2020;

g) KAREN STEVENSON is the only contractual and legal beneficiary under the AD & D policy of insurance issued by LINCOLN:

h) Alternatively, it is alleged that certain plan provisions violate

ERISA, and

i) Alternatively, that plaintiff is entitled to reformation of the contract and restitution of benefits improperly withheld by THE PLAN and LINCOLN, in order to comply with the requirements of ERISA.

28. The **SECOND CAUSE OF ACTION** is for any injunctive relief that is or may be appropriate under the circumstances.

29. The **THIRD CAUSE OF ACTION** is for payment of AD & D benefits pursuant to the plan and the policy of insurance issued by LINCOLN, as per ERISA, and more particularly, 29 U.S.C. Sec. 1132(a)(1)(B), as is supported by the above and foregoing facts, which are restated and re-alleged, as if fully set forth in this cause of action.

30. The **FOURTH CAUSE OF ACTION** is for an award of attorneys' fees, in an amount reasonable and within the discretion of the Court.

31. The **FIFTH CAUSE OF ACTION** is alleged in the alternative, for:

a) Equitable restitution

b) Imposition of a constructive trust

c) Disgorgement of ill-gotten profits and gains at the expense of the plaintiff

d) Injunctive relief

e) Specific performance

32. The **SIXTH CAUSE OF ACTION** is for all damages and relief as may be awardable pursuant to common law.

33. Plaintiff requests trial by jury on all issues triable to a jury.

34. Plaintiff requests pre- and post-judgment interest, as afforded by law.

35. Plaintiff requests an award of attorneys' fees, plus the costs and expenses of this action.

36. The **SEVENTH CAUSE OF ACTION** is for all damages, attorneys' fees and any and all other relief awardable pursuant to the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1401-1418, on the basis of defendants engaging in unfair methods of competition and deceptive acts or practices in the conduct of a trade or commerce, defendants knowing that they were charging a premium for and were offering an AD & D insurance policy and its coverage, without actually intending to pay AD & D benefits.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, KAREN STEVENSON, demands judgment against defendants and relief from this Court, as follows:

a) Any and all injunctive relief that is appropriate under the circumstances;

b) Declaratory relief, as described and enumerated hereinabove;

c) Payment of the $98,000 AD & D benefit, as described and set forth hereinabove;

d) All damages, attorneys' fees, costs and relief awardable pursuant to the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1401-1418;

e) An award of costs and attorneys' fees, reasonable under the circumstances, in amounts within the discretion of the Court, and

f) If appropriate, such alternative forms of relief as:

1. Equitable restitution
2. Imposition of a constructive trust
3. Disgorgement of ill-gotten profits and gains at the expense of the plaintiff
4. Injunctive relief
5. Specific performance
6. Trial by jury on all issues triable to a jury
7. Pre-and post-judgment interest, as afforded by law
8. Any and all other legal and equitable relief

Respectfully Submitted:

Clayton Law Firm, LLC

/s/ Ben E. Clayton
Ben E. Clayton (17512)
Joshua P. Clayton (34488)
Attorneys for the plaintiff,
KAREN STEVENSON
No. 2, 202 Village Circle
Slidell, Louisiana 70458
(985) 863-3065 voice
(985) 863-7707 facsimile
**ben@claytonlawfirmllc.com**
**josh@claytonlawfirmllc.com**

cc: Louisiana Attorney General, Jeff Landry
Post Office Box 94005
Baton Rouge, Louisiana 70804